**NATIONAL CITY BANK OF CLEVELAND, Trustee, Plaintiff-Appellee, v. BENJAMIN ROSE INSTITUTE, Defendants-Appellees, HILL et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22740.   Decided June 3, 1953.

322

Jones, Day, Cockley & Reavis, Cleveland, for appellee, The National City Bank of Cleveland, Trustee.

Squire, Sanders & Dempsey, Cleveland, for appellee, The Benjamin Rose Institute.

E. D. Williams, Cleveland, for appellee, E. D. Williams, Guardian ad Litem for Janice Delahooke, et al., minors, etc.

Kiefer, Waterworth, Hunter & Knecht, Cleveland, for appellants.

(DOYLE, PJ, STEVENS, J, and HUNSICKER, J, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.:

This is an appeal on questions of law.

In 1920, Thomas W. Hill and his wife, Harriette C. Hill, executed a trust agreement with The Guardian Savings and Trust Company (ultimately succeeded as trustee by The National City Bank of Cleveland, plaintiff below), reserving to

themselves as donors the entire net income, during their joint lives, from that portion of the trust estate contributed by each to the corpus. Upon the death of either donor, the trust by its terms became irrevocable. With the death of Mr. Hill in 1921, its irrevocability was established.

Harriette C. Hill, the surviving donor, died in 1949 At the occurrence of this event, the plan of income distribution spelled out in the agreement was, by its terms, revised to exclude certain annuitants who had been beneficiaries while Mrs. Hill lived, and to continue certain other annuity payments theretofore directed.

A plan for final distribution of the trust estate after the death of the surviving donor was included in the trust agreement and designated as "Item V" thereof. In general, this plan required the trustee to distribute a portion of the estate outright to certain beneficiaries, and to retain a portion for the payment (out of the income thereof) of certain annuities to other beneficiaries named in the trust agreement. That part of Item V which is the subject of this controversy is hereinafter set out in detail.

The National City Bank of Cleveland, trustee of the trust estate, filed a petition in the Common Pleas Court of Cuyahoga County, Ohio, asking for instructions with respect to the trust and the property to be administered thereunder.

After the trial court entered its judgment, two of the defendants, Walter T. Hill and Elton B. Hill, gave notice of appeal to this court on questions of law. They say:

"The trial court erred in holding the remainder interests of Walter T. Hill and Elton B. Hill to be only defeasibly vested at the death of Harriette C. Hill, and denying said remaindermen the right to receive, as of that date, their distributions of principal as residuary legatees.

"The trial court erred in denying appellants the right to partial distribution of their remainder interests as each successive income payment to the remaining life annuitants is terminated, and in requiring the trustee to retain all of the principal of the trust estate until the last of such income payments has been made."

We shall therefore examine the matter before us to determine whether the trial court committed error prejudicial to the substantial rights of the appellants. The problem herein is concerned with the distribution of the corpus of the trust estate retained by the trustee to pay certain specific bequests.

In its pertinent parts, the trust agreement reads as follows:

"V.

"Final Distribution

"Upon the decease of either of the donors hereunder, the trustee shall make distribution as follows:

"(A) * * *

"(B) * * *

"(C) Upon the decease of the surviving donor, distribution shall be made as follows;

" '(a) The trustee shall retain sufficient of the principal trust estate to provide' (here follows various specific bequests)

" '(b) The balance of the trust estate remaining shall be distributed as follows:'

"One-third (1/3) to Walter T. Hill to be his absolutely, and if he be deceased then to his issue per stirpes to be theirs absolutely, and if there be no such issue then said share shall be added to the 'Hal H. Hill Memorial Fund' for the benefit of the Benjamin Rose Institute hereinbefore established and to be administered in all respects in accordance with the provisions of Item V. subdivision 'A' hereof.

"One-third (1/3) to Elton B. Hill to be his absolutely, and if he be deceased, then to his issue per stirpes to be theirs absolutely, and if there be no such issue then said share shall be added to the 'Hal H. Hill Memorial Fund' for the benefit of the Benjamin Rose Institute hereinbefore established and to be administered in all respects in accordance with the provisions of Item V, subdivision 'A' hereof."

(A similar provision for one-third is made to Harry A. Delahooke, and no appeal is taken, by those interested, to this court from the judgment as entered in respect to this bequest.)

"* * *

"Provided always further, however, that all of the principal trust estate retained by the trustee to provide bequests of income with the exception of the educational fund, final distribution of which has been hereinbefore provided for, shall upon the termination of the time fixed for the payment of such bequests become subject to final distribution in all respects in accordance with the foregoing."

When did the principal of the trust estate retained for the payment of the specific bequests vest?

It is axiomatic, in matters such as we have under consideration, that the intention of the settlor shall be determined by the language employed in the trust agreement.

It is clear, from the language used in Item V (C) (a), that the trustee, upon the death of the surviving donor, was to hold in possession (the settlors used the word 'retain') such portion of the corpus of the estate as would produce an income large enough to pay the specific bequests set out in the agreement. These bequests were to be paid from income and not principal, and the principal was to be set aside "upon the de-

cease of the surviving donor * * *." The balance of the estate, after the amount of principal required for bequests of income had been set aside, was to be distributed as directed in Item V (C) (b).

The settlors then, knowing that they had not distributed all of the principal, for they had "retained" a portion in the hands of the trustee, made provision for the ultimate distribution. They said in the final paragraph of this lengthy item on "Final Distribution":

"Provided always further, however, that all of the principal trust estate retained by the trustee to provide **bequests of income** * * * shall upon the termination of the time fixed for the payment of such bequests become subject to final distribution in all respects in accordance with the foregoing." (Emphasis ours.)

We should not and dare not adopt a strained or unusual meaning for words and phrases that are so clear and unambiguous as those the settlors placed in this paragraph. "All of the principal trust estate retained" clearly refers to the corpus set aside to pay bequests of income, and this is made doubly certain by the words which immediately follow. The settlors then directed when this "retained" corpus should be distributed, for they clearly indicated that, "upon the termination of the time fixed for the payment of such bequests," final distribution should be made "in all respects in accordance with the foregoing."

In other words, when the specific bequests of income can no longer be paid, because those who are to receive no longer can (or have the right, as is the case with the Davison, Michigan, Methodist Church) receive, then, and only then, this "retained" corpus shall "become subject to final distribution" according to the plan adopted for the unretained portion of the corpus which was to be distributed upon the death of the "surviving donor." This is the clear, unambiguous intention of the settlors.

What, then, is this plan of final distribution? A distribution was made, of the unretained portion, as set out above, of one-third to each of the appellants, Walter T. Hill and Elton B. Hill. They will be entitled to their respective shares of the retained portion of the trust estate, if, at the "termination of the time fixed for the payment of" the bequests, they are alive; if not, then distribution will be made to their respective issue "per stirpes," and, if none are in being, then to others, "in all respects in accordance with the foregoing" (which means according to the plan the settlors arranged for the distribution of the unretained portion).

To read this trust agreement in any other manner than we

have indicated above, does violence to the plain meaning of its terms and the intention of the settlors.

The Supreme Court of Ohio said in **Ohio National Bank v. Boone, et al., 139 Oh St 361:**

"2. The law favors the vesting of estates at the earliest possible moment, and a remainder after a life estate vests in the remainderman at the death of the testator, in the absence of a clearly expressed intention to postpone the vesting to some future time."

In the instant case, the estate in remainder did vest, in each person designated to receive, a one-third share, but such vested remainder was subject to be divested if death of the remainderman intervened.

The rule has been established that vested remainders may be subject to divestment in Ohio.

**Millison v. Drake, 123 Oh St 249, at p. 254; Smith v. Weinkoff, 80 Oh Ap 206, at p. 208; Simpson v. Welsh, et al, 44 Oh Ap 115, at 119; Stark, Trustee, v. Marsh, et al., 29 O. C. A. 417.**

We therefore determine that the trial court did not commit error prejudicial to the substantial rights of the appellants in entering the judgment from which this appeal is taken.

Judgment affirmed. Exceptions noted. Order ·see journal.

DOYLE, PJ, STEVENS, J, concur.